1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN GALVAN; RAMON GALVAN, ) | CV F 05-0986   AWI LJO |
| ) | |
| Plaintiffs, ) | ORDER VACATING |
| ) | HEARING DATE OF |
| v. ) | DECEMBER 5, 2005, |
| ) | REQUESTING REPEAT |
| MODESTO POLICE OFFICER ) | SUBMISSION OF BRIEFING, |
| LYNDON YATES; OFFICER MIRL ) | AND TAKING MATTER |
| MORSE; CITY OF MODESTO POLICE ) | UNDER SUBMISSION |
| DEPARTMENT; CITY OF MODESTO; ) | |
| and DOES 1 through 50, ) | |
| ) | |
| Defendants ) | |
| _____) | |

On October 7, 2005, defendants Modesto Police Officer Lyndon Yates, et al. ("Defendants") noticed for hearing and decision a motion to dismiss pursuant to FRCP 12(b)(6).  The matter was scheduled for oral argument to be held on December 5, 2005.  In reviewing the briefs submitted by the parties, the court is concerned that there may have been an incomplete transmission of Defendants' Memorandum of Points and Authorities in support of their motion to dismiss.  The document that was docketed as the Memorandum of Points and Authorities in the court's electronic filing system consists of a single page designated page 8, which contains a single sentence that states: "Based on the foregoing, Defendants respectfully request that this court grant Defendants' motion to dismiss."  The page is signed in the proper format and is dated October 7, 2005.  The court presumes

Defendants attempted to electronically transmit an eight-page memorandum of points and authorities, but unbeknownst to Defendants, the transmission was incomplete. Therefore, the court directs Defendants to refile an amended motion to dismiss, complete with an amended memorandum of points and authorities.

If Plaintiffs did not receive a complete memorandum of points and authorities as the result of any incomplete transmission of documents to the court's electronic filing system, Plaintiffs may, within three (3) days of receipt of this order, file a notice of intent to file an amended opposition to Defendants' motion to dismiss. Plaintiffs will thereafter be granted an additional fourteen (14) days within which to file an amended opposition to Defendants' motion to dismiss.

The court has reviewed the documents that have been filed with the court to this point and has determined that Defendants' motion to dismiss is suitable for decision without oral argument. Should the court later determine upon review of all submitted documents that oral argument is appropriate, the parties will be notified and the matter will be scheduled for oral argument. Local Rule 78-230(h).

Therefore, IT IS HEREBY ORDERED that the previously set hearing date of December 5, 2005, is VACATED, and no party shall appear at that time. As of the latter of December 5, 2005, or the date of receipt of Plaintiffs' amended opposition to Defendants motion to dismiss, the court will take the matter under submission and will thereafter render a decision or request further briefing or schedule oral argument as appropriate in accordance with Local Rule 78-230(h).

IT IS SO ORDERED.

**Dated:   November 30, 2005**            **/s/ Anthony W. Ishii**
h2ehf                                     UNITED STATES DISTRICT JUDGE

2