1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GALVAN; RAMON GALVAN, ) | CV F 05-0986   AWI LJO |
| ) | |
| Plaintiffs, ) | MEMORANDUM OPINION |
| ) | AND ORDER GRANTING IN |
| v. ) | PART AND DENYING IN |
| ) | PART DEFENDANTS' |
| MODESTO POLICE OFFICER ) | MOTION TO DISMISS |
| LYNDON YATES; OFFICER MIRL ) | PURSUANT TO F.R.C.P. |
| MORSE; CITY OF MODESTO POLICE ) | 12(b)(6) |
| DEPARTMENT; CITY OF MODESTO; ) | |
| and DOES 1 through 50, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

This is an action for damages and injunctive relief arising from events that occurred

on August 22, 2004, that resulted in the shooting death of decedent Sammy Galvan, and the

alleged misconduct of Modesto City Police officers against plaintiff Ramon Galvin.  The

complaint filed on August 1, 2005, alleges a total of eleven claims for relief against

defendants Officer Lyndon Yates, Officer Mirl Morse, the City of Modesto Police

Department, the City of Modesto, and does 1 through 50 (collectively, "Defendants").  The

first and eleventh claims for relief allege civil rights violations pursuant to 42 U.S.C., section

1983 against the individual and institutional defendants, respectively.  The remaining claims

for relief are California state law claims.  In the instant motion, Defendants seek to dismiss

all the state law claims, principally on the ground of failure to comply with the California

Tort Claims Act.  This court has federal subject matter jurisdiction pursuant to 28 U.S.C., section 1332, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C., section 1367.  Venue is proper in this court.

## FACTUAL AND PROCEDURAL BACKGROUND

The currently operative pleading in this case is the First Amended Complaint ("FAC"), filed on September 8, 2005.  In the FAC, Plaintiffs Susan Galvan and Ramon Galvan (collectively, "Plaintiffs") allege that on August 22, 2004, decedent Sammy Galvan lived in a cottage behind his parents' house in Modesto.  Plaintiff Susan Galvan overheard an argument occurring between Sammy and his girlfriend ("Yesenia") and called 911 expecting that police would quell the argument and remove Yesenia from the premises.  Susan Galvan then left the home to take her granddaughter to her granddaughter's home.  By the time police arrived, Susan Galvan had left the scene and the shouting had stopped.  Plaintiff Ramon Galvin, Sammy's father, asked the officers to escort Yesenia from the property and let the officers in through the gate in the fence that lead to the cottage.  Ramon was directed by police not to approach the door of the cottage and he instead went to retrieve his two dogs.

The FAC alleges that Ramon next heard gunshots and an officer yelled at him to get out of the back yard.  An officer told Ramon to put his hands behind his back.  By the time Ramon complied there were SWAT officers at the scene who threw Ramon to the ground and handcuffed him.  Plaintiffs allege police pulled Ramon to a standing position by his hands while they were cuffed behind his back, thereby causing injury to Ramon's arm and shoulder.  While Ramon was at the hospital with Susan, they were informed Sammy had been killed.

The FAC alleges that police entered the cottage carrying flashlights that illuminated the otherwise dark room.  Yesenia, who was sitting at the foot of the bed,  approached the officers who she observed had weapons pointed at Sammy.  She turned to see Sammy holding a knife but standing at some distance from the officers.  Yesenia heard the officers

2

say "put it down" and she also said "put it down" to Sammy.  The FAC alleges that as Yesenia ducked, the officers fired immediately at Sammy, before he had the opportunity to move or to put his knife down.  The complaint alleges that Sammy was not disorderly and that he did not threaten the officers at any time.

The FAC alleges an administrative claim was made by Plaintiffs to the city of Modesto, which was subsequently denied.  The FAC appends a document titled "Claim for Money or Damages" listing Susan Galvin as the claimant and citing loss of her son as the source of the damage claim.  The claim form is date stamped December 4, 2004.  The FAC also appends a letter of denial of the claim, which is dated February 3, 2005, and which informs the claimant they must file any court action on the claim within six months of the date of delivery of the notice of denial.

The original complaint in this action was filed on August 1, 2005.  The complaint was amended on September 8, 2005.  Defendants' original motion to dismiss was filed on October 10, 2005.  Pursuant to the court's order, an amended motion to dismiss was filed on December 5, 2005.  Plaintiffs' opposition was filed on December 19, 2005.  By order of the court, the matter was taken under submission as of the date of receipt of Defendants' opposition.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of

3

1    the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740

2    (1976), construe the pleading in the light most favorable to the party opposing the motion,

3    and resolve all doubts in the pleader's favor.   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g

4    denied, 396 U.S. 869 (1969).

5                                              **DISCUSSION**

6           California's Tort Claims Act ("CTCA") provides a limited waiver of governmental

7    immunity for actions for damages against local and state governmental entities.   <u>Williams v.</u>

8    <u>Horvath</u>, 16 Cal.3d 834, 838 (1976).   ". . . the intent of the act is not to expand the rights of

9    plaintiffs in suits against governmental entities, but to confine potential governmental

10   liability [to] rigidly delineated circumstances: immunity is waived only if the various

11   requirements of the act are satisfied."   <u>Id</u>.   Primary among the requirements of the CTCA is

12   the requirement that a person seeking money damages against a governmental must file a

13   claim[1] with the public entity.   Cal. Gov. Code, § 905, 945.4; <u>see</u>   <u>Dalton v. East Bay Utility</u>

14   <u>Dist.</u>, 18 Cal.App.4th 1566, 1571 (1st Dist. 1993) ("As a general rule, California law requires

15   that all claims for money or damages against a local public entity must first be filed with the

16   entity as a 'condition precedent to the maintenance of the action.'")   Where the damages are

17   due to the death of, or injury to, a person, the claim must be filed within six months of the

18   claim's accrual.   <u>Ovando v. City of Los Angeles</u>, 92 F.Supp.2d 1011, 1021 (C.D. Cal. 2000).

19   As Defendants correctly point out, where two or more persons suffer separate and distinct

20   injuries, each person must submit a separate claim.   <u>Nelson v. County of Los Angeles</u>, 113

21   Cal.App.4th 783, 796 (2nd Dist. 2003).

22          Defendants' basic contention is that the claim that was presented to the City of

23   Modesto listed only Susan Galvan as claimant; neither Ramon Galvan or the estate of Sammy

24

25          [1]      The term "claim" as used in the context of the Tort Claims Act refers to the
     document, in this case a fill-in-the-blanks form, that is submitted to the public entity to notify the
26   entity of the alleged loss.   In order to avoid confusion, the court will refer to the pleading
     submitted by Plaintiff in this case as the "complaint" and the claims for relief within the
27   complaint will be referred to as "Counts."

28                                                    4

Galvan were listed as claimants.  Therefore, Defendants reason, only counts that relate to damages suffered by Susan Galvan may be alleged because Susan Galvin is the only person to have complied with the terms of the CTCA.

Plaintiffs contend the first claim that is appended to the FAC alleges wrongful death on behalf of both Susan and Ramon Galvan.  Plaintiffs point to line 5a of the claim form which asks the question: "What damages and/or injury did you suffer - describe in detail:"  In response to that question, the person filling out the form wrote in the space to the right of the colon "(Husband/Wife Brother, Yesenia)."  Plaintiffs contend this inscription indicates that the form that was filed on the wrongful death claim was filed on behalf of Susan and Ramon Galvin, in addition to an unnamed brother and the girlfriend, Yesenia, who are not parties to this case.

Defendants contend the form that was submitted clearly indicates the claimant is Susan Galvan and no other person.  Defendants point to the answer to Question 5a on the form which states that the loss suffered was the "loss of my son (my son was murdered by MPD officers)."  Defendants contend that the wording in this response indicates the claim is on behalf of Susan Galvan only; otherwise, the response to Question 5a would have been *our* son, instead of *my* son.

While the issue is close, the court must reject Plaintiffs' contention.  The purpose of the CTCA is to "provide sufficient information to enable the [public] entity adequately investigate claims and to [settle] if appropriate, without the expense of litigation."  Nelson, 113 Cal.App.4th at 797.  The response on the claim form does not adequately indicate there is more than one claim; that is, the claim for wrongful death on behalf of Susan Galvan.  At most, the response "Husband/Wife, Brother, Yesenia" provides some hint that there could potentially be other claimants, but not that the claim form being submitted is a claim form on behalf of those other persons.  The court is aware Plaintiffs have submitted declarations indicating discussions were conducted between Susan Galvan and the person receiving the

claim forms on behalf of the City of Modesto.  Because Defendants' motion to dismiss is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court may not consider the contents of the declarations for the facts alleged therein.  See Bonilla v. Oakland Scavanger Co., 697 F.2d 1297, 1301 (( Cir. 1983) (reversible error occurs were a court considers evidence extraneous to the pleadings prior to deciding a motion pursuant to F.R.C.P. 12(b)(6)).  The court does note, however that the declarations raise the possibility that additional conversations may have transpired between Susan Galvan and the person receiving the claim form on behalf of the City of Modesto, the content of which may have relevance to the issue of whether the person receiving the claim form was made aware the intent of the form was to claim damages on behalf of both Ramon and Susan Galvin.

In their opposition to Defendants' motion to dismiss, Plaintiffs allege Susan Galvan filled out a second claim form on behalf of her husband, Ramon, to claim damages for the injuries he suffered as a result of his arrest.  Plaintiffs have submitted a declaration from Susan Galvan that indicates she filled out the claim form for Ramon's injuries because he was being medicated at the time because of injuries suffered as a result of the arrest.  Two additional declarations of witnesses were submitted pertinent to the issue of whether an additional claim for was submitted, but not separately filed.  As discussed above, the court may not consider such declarations in the context of a motion pursuant to F.R.C.P. 12(b)(6).  A copy of the non-stamped claim form that was allegedly submitted does not appear in FAC nor does the FAC directly mention or allude to any such claim form.

In addition, Defendants contend that no claim form was filed that requested damages on behalf of the estate of the decedent, Sammy Galvan.  Defendants contend that, as a consequence of the failure to file any claim of behalf of Sammy Galvan's estate, all state law claims on behalf of that estate are barred.  Plaintiffs do not directly address this contention.

The court has examined the claim form that was appended to the FAC as well as the slightly more legible copy that was appended to Plaintiffs' opposition to the motion to

6

dismiss.  The court has also examined the FAC.  Two facts appear undisputed.  First, no claim form was submitted on behalf of the estate of Sammy Galvan for injuries suffered by him.  The copy of the claim form in the court's possession clearly sets forth a claim for wrongful death on behalf of Susan Galvan, but not for survivorship claims on behalf of the decedent's estate.  Second, whether or not a second claim form was submitted on behalf of Ramon Galvan, asserting claims for the injuries *he* suffered, it is undeniably true that the FAC does not mention the submission of any such claim form or otherwise allege compliance with the procedural requirements of the CTCA as to Ramon Galvan's claims.  See Complaint at 6 (alleging the claim form attached to the complaint was filed, but making no allegation as to any other claim form).

Two legal conclusions flow from these undisputed facts.  First, it is clear that the requirements of the California Tort Claims Act bar Plaintiffs from asserting any causes of action under state law on behalf of the estate of the decedent, Sammy Galvin.  A wrongful death claim – the claim asserted by Susan Galvin when she filled out the form she submitted to the City of Modesto – is strictly limited to the losses suffered directly by the heirs as a result of the death. "  Willis v. Gordon, 20 Cal.3d 629, 637 (1978).  "It is unrelated to the damages that were suffered by the decedent prior to his death.  Id at 638.  Because, as previously discussed, each person must submit a claim where separate injuries are alleged, Plaintiffs may not rely on the claims for wrongful death they filed on behalf of themselves to support claims they now wish to file on behalf of their son, Sammy Galvan.  See Nelson, 113 Cal.App.4th at 796; City of San Jose v. Superior Court(Lands Unlimited), 12 Cal.3d 447, 454 (filing of a proper claim is a condition precedent to the maintenance of an action); Garcia v. Santa Clara County, 2004 WL 2203560 at *10 (N.D. Cal. 2004) (district court following Nelson dismisses parents claims for relief where no claim was filed under CTCA on behalf of estate of deceased son).

The second general conclusion the court reaches is that, notwithstanding Plaintiffs'

allegations set forth in their opposition to the motion to dismiss, the state law causes of action alleged in the FAC with respect to Ramon Galvan are insufficiently pled because the FAC does not allege any claim on behalf of Ramon Galvin was submitted to the City of Modesto pursuant to the CTCA.  See Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1021 (C.D. Cal. 2000) (conformity with procedural elements of CTCA is an element of any subsequent tort cause of action).

The court also notes in passing it has examined the FAC and finds it ambiguous and at times confusing.  However, there is no motion before the court pursuant to Rule 8 of the Federal Rules of Civil Procedure and the court is therefore hesitant to raise the issue of whether the complaint meets the minimal requirements of a pleading under Rule 8 *sua sponte*.  See Kittay v. Kornstein, 230 F.3d 531, 541-542 (2nd Cir. 2000) (court abuses its discretion under Rule 8 to dismiss complaint *sua sponte* were court understood allegations sufficiently to determine they *could* state a claim for relief and defendant has not objected under Rule 8).  The court will, however note ambiguity or lack of clarity in the discussion that follow where such ambiguity or lack of clarity is relevant to the court's determination.

With the foregoing general discussion in mind, the court now examines each of the causes of action alleged in the complaint.

**A.  Count One (42 U.S.C. § 1983)**

Federal civil rights claims are not subject to the restrictions imposed by the CTCA. Williams v. Horvath, 16 Cal.3d 834, 838 (1976); Lacey v. C.S.P Solano Medical Staff, 990 F.Supp. 1199, 1206-1207 (E.D. Cal. 1997).  Perhaps as a consequence, Defendants have made no motions with respect to Count One.  The court will therefore make no determination as to the viability of count one but notes that the count may be subject to attack at a later time for failure to conform to the requirements of Rule 8, which requires only  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). Although the issue is not presently before the court, the court takes this opportunity to warn

8

Plaintiffs that the conclusory statement that comprises Count One as currently pled is probably not sufficient.  Count One alleges no damages on behalf of the decedent.  Thus to the extent Plaintiffs may be expecting they may recover on behalf of decedent, those claims may be subject to exclusion as being insufficiently pled.  Further, the facts that are generally alleged in the complaint could conceivably support claims for violation of various constitutional rights suffered by different plaintiffs.  However, Count One, as pled, offers Defendants no indication of who is claiming damages and what underlying constitutional violations are being alleged.  Plaintiffs are cautioned that, although leave will be granted to amend the FAC, the court will be more reluctant to grant leave to further amend in the face of future challenges to the sufficiency of the pleading.  In short, Plaintiffs are advised to take the opportunity that will be afforded to clarify Count One and to and to plead separate counts as to separate claimants where the claims are based on different facts and different alleged constitutional violations.

### B.  Count Two (Wrongful Death)

As discussed above, the court concludes the claim form that was submitted by Susan Galvin that is attached to the FAC sets forth a claim for wrongful death on behalf of Susan Galvin and not on behalf of any other person.  Consequently, any claims for wrongful death on behalf of Ramon Galvin are barred for failure to comply with the procedural requirements of the Tort Claims Act.  Conversely, Susan Galvan's action for wrongful death is not barred.  Since Ramon and Susan Galvin are married, Susan may claim those losses suffered by the marital community such as burial costs, loss of future financial contributions to the community and the like.  Susan, not Ramon, may recover for loss of consortium and other losses that may be peculiar to her.  Thus, Defendants motion to dismiss Count Two will be granted to the extent Count might contain claims for wrongful death that are particular to Ramon Galvin.  The motion to dismiss will otherwise be denied.  Because Plaintiffs allege the existence of another claim form filed with the City of Modesto, and because proof of

submission of the additional form along with proper pleading of its submission could possibly cure the defect in Count Two as to Ramon Galvin, the cause of action as to Ramon Galvin  will be dismissed without prejudice.

### C.  Count Three (Unlawful Arrest)

Count Three is a claim by Ramon Galvin, apparently pursuant to California common law, for unlawful arrest.  As discussed above, Ramon Galvin has failed to state a claim for which relief can be granted because he has failed to properly plead that he has complied with the procedural requirements of the CTCA, a necessary element and precondition of any tort action under California law.  As also discussed above, the court finds the defect could possibly be cured by proper pleading, and the court will therefore dismiss the count without prejudice with the understanding that proof of submission of a claim form on behalf of Ramon Galvan must be sufficiently substantial to withstand a subsequent motion for summary judgment.

### D.  Count Four (Assault)

Count IV alleges assault both on behalf of Sammy Galvin and Ramon Galvin.  The count will be dismissed without prejudice as to Ramon Galvin for the reason discussed above with respect to Count Three.  As to Sammy Galvin the damage alleged is personal to him and is therefore before the court as a survivorship claim on behalf of Sammy Galvin's estate. Pursuant to the foregoing discussion, any tort action by the estate of Sammy Galvin based on California law is barred because a claim form on behalf of Sammy Galvin was not submitted timely to the governmental entity in conformity with the CTCA.  Because Plaintiffs cannot overcome the lack of timely filing, Count Four will be dismissed with prejudice as to any action on behalf of the estate of Sammy Galvin.

### E.  Count Five (Battery)

Count Five mirrors Count Four.  That is, the count alleges damages on behalf of both Sammy and Ramon Galvin under California common law.  For reasons identical to those

1    discussed in Count Four and elsewhere above, Count Five will be dismissed without

2    prejudice as to Ramon Galvin and will be dismissed with prejudice as to Sammy Galvin.

3                    **F.  Count Six (Negligent Hiring, Supervision and Training)**

4            Plaintiffs' Count Six alleges, in pertinent part, that "Defendants City of Modesto and

5    the Modesto Police Department knew, or in the exercise of reasonable care should have

6    known, of the likelihood that its officers would engage in the complained-of conduct . . ." and

7    that "Defendants City of Modesto and the Modesto Police Department retained, and failed to

8    properly train and supervise, said police officers in conscious disregard of the rights and

9    safety of others."  FAC at 8.  From this it is clear Plaintiffs are alleging that the entity

10   defendants are *directly* liable for their negligent hiring, retention and supervision of the

11   individual officers, rather than alleging vicariously liability for the acts of the individual

12   officers.

13           The California Supreme Court has determined that individual public *employees* are

14   liable for their acts or omissions to the same extent as private persons pursuant to California

15   Government Code, section 820.  Eastburn v. Reg'l Fire Prot. Auth., 31 Cal.4th 1175, 111179-

16   1180 (2003).  However, "direct tort liability of *public entities* must be based on a specific

17   statute declaring them to be liable, or at least creating some specific duty of care, . . . ." Id. at

18   1183 (emphasis added).  In Eastburn, the California Supreme Court examined the issue of

19   direct tort liability for the hiring, training and supervision of 911 responders by a municipal

20   entity.  The court concluded the general tort provisions of Civil Code section 1714, imposes a

21   general duty of care on all individual persons.  With respect to public entities, however, the

22   court concluded the CTCA as codified at section 815(a) of the California Government Code

23   requires that entity liability be based on specific statutory authority.  The Court found neither

24   statutes providing for general tort liability or state common law are sufficient to impose direct

25   entity liability.  Id.  In Munoz v. City of Union City, 120 Cal.App.4th 1077 (1st Dist. 2004),

26   the court applied the decision in Eastburn to facts very similar to the one at bar.  The

27

28                                                    11

appellate court concluded that where, as here, a tort claim is alleged directly against a city and police department for negligent training, supervision and retention of police officers who were alleged to have used excessive force in fatally shooting a person during a confrontation, the direct tort cause of action against the entity defendants cannot be maintained because no statute provides for direct liability against such defendants.  Munoz, 120 Cal.App.4th at 1113.

Here, the court notes Plaintiffs have cited no statutory authority that supports their sixth cause of action for negligent hiring against the entity defendants, for negligent retention, supervision and training of the individual officer defendants.  As a consequence the court will follow the authority established by Eastburn and grant Defendants motion to dismiss the count with prejudice.

### G.  Count Seven (Infliction of Emotional Distress)

Although Count Seven is somewhat ambiguous in its wording, it appears to allege emotional distress under California common law on behalf of both Susan and Ramon Galvin. As previously discussed, Ramon Galvin has failed to adequately plead compliance with the requirements of the CTCA and is therefore barred from asserting causes of action to recover damages to him.

As to Susan Galvin, the facts set forth in the complaint indicate the emotional distress she suffered was the result of hearing of her son's death.  The court can discern no other source of emotional injury to Susan Galvan in the FAC.  Under California common law, in order for a plaintiff to recover damages for emotional distress from an incident producing harm to a close relative, the plaintiff must be "present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim. . . ."  In re Air Crash Disaster Near Cerritos, California, 967 F.2d 1421, 1423 (9th Cir. 1992) (quoting Thing v. LaChusa, 48 Cal.3d 644 (1989)).  The facts set forth in the FAC indicate Susan Galvan was not at the scene of the incident where Sammy Galvan was shot and did not hear about the shooting or learn that her son had been killed until a time significantly after the

shooting occurred.  Given the fact any claim for emotional damage would fail because Susan Galvan was not a percipient witness to her son's shooting, it appears  to the court that Susan Galvan's action for emotional damages is actually a part of her action for wrongful death.  "California cases have uniformly held that damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action.  [Citations.]"  Krouse v. Graham, 19 Cal.3d 59, 72 (1977).  Thus, assuming Susan Galvan's action is for damages as a part of her wrongful death action, those damages may not be recovered.  Count Seven will therefore be dismissed without prejudice.

**H.  Count Eight (Negligence)**

Count Eight alleges negligence on behalf of Sammy Galvin and Ramon Galvin.  As previously discussed, any action for negligence on behalf of either Sammy or Ramon galvin is barred.  Any action on behalf of Sammy Galvin is barred because no claim form was submitted on his behalf to the City of Modesto.  Any action by Ramon Galvin for damages he suffered is barred because Ramon Galvin failed to plead compliance with the CTCA.  As above, Count Eight will dismissed as to the estate of Sammy Galvin with prejudice.  Count Eight will be dismissed without prejudice as to Ramon Galvin.

**I.  Counts Nine and Ten (Violation of Unruh Civil Rights Act, California Civil Code §§ 51.7 and 52.1)**

Counts Nine alleges violation of California civil rights statutes prohibiting racially motivated discrimination pursuant to Cal. Civ. Code § 51.7, and Count Ten requests damages pursuant to Cal. Civ. Code § 52.1.  The counts are alleged on behalf of both Ramon Galvan and Sammy Galvan.  Although structure and function of California's Unruh Civil Rights Act is closely analogous to the function of 28 U.S.C., section 1983, which is not restricted by the CTCA, causes of action pursuant to the Unruh Civil Rights act must conform to the requirements of the CTCA where governmental actors or entities are being sued.  Gatto v. County of Sonoma, 98 Cal.App.4th 744, 763-765 (1st Dist. 2002).  Although the CTCA

13

exempts certain statutory causes of action from its requirements, claims under sections 51 and 52.1 of the California Civil code are not among those statutes exempted.  Thus, as above, the California civil rights claims of Sammy Galvin must be dismissed because no claim was filed in conformity with the CTCA, and the claims on behalf of Ramon Galvin must be dismissed for failure to properly plead conformity with the CTCA.  Again, because the deficiency in Ramon Galvin's cause of action could possibly be cured by proper pleading, that cause of action will be dismissed without prejudice.

**ORDER**

Therefore, in consideration of the foregoing, it is hereby ORDERED that:

1.  Defendants' motion to dismiss Count Two is GRANTED without prejudice as to claims for wrongful death that are particular to plaintiff Ramon Galvin.  Defendants' motion to dismiss Count Two is DENIED as to the wrongful death claims of Susan Galvin.

2.  Defendants' motion to dismiss plaintiff Ramon Galvin's Count Three is hereby GRANTED.  Plaintiffs's Count Three for unlawful arrest is DISMISSED without prejudice.

3.  Defendants' motion to dismiss Plaintiffs' Count Four is HEREBY granted.  Plaintiffs' Count Four for assault is DISMISSED as to any action by the estate of Sammy Galvin with prejudice and Count Four is DISMISSED without prejudice as to plaintiff Ramon Galvin's action.

4.  Defendants' motion to dismiss Plaintiffs' Count Five is HEREBY granted.  Plaintiffs' Count Five for battery is DISMISSED as to any action by the estate of Sammy Galvin with prejudice and Count Five is DISMISSED without prejudice as to plaintiff Ramon Galvin's action.

5.  Defendants' motion to dismiss Plaintiffs' Count Six for negligent hiring, supervision and training is hereby GRANTED.  Plaintiffs' Count Six is DISMISSED with

14

1    prejudice.

2    6.    Defendants' motion to dismiss Plaintiffs' Count Seven for infliction of emotional

3          distress is hereby GRANTED.  Plaintiffs' Count Seven is hereby DISMISSED

4          without prejudice as to both Susan and Ramon Galvin.

5    7.    Defendants' motion to dismiss Plaintiffs' Count Eight for negligence is HEREBY

6          granted.  Plaintiffs' Count Eight for assault is DISMISSED as to any action by the

7          estate of Sammy Galvin with prejudice and Count Eight is DISMISSED without

8          prejudice as to plaintiff Ramon Galvin's action.

9    9.    Defendants' motion to dismiss Count Nine for civil rights violation under California's

10         Unruh Civil Rights Act is HEREBY granted.  Plaintiffs' Count Nine is DISMISSED

11         as to any action by the estate of Sammy Galvin with prejudice and Count Nine is

12         DISMISSED without prejudice as to plaintiff Ramon Galvin's action.

13   10.   Defendants' motion to dismiss Count Ten for civil rights violation under California's

14         Unruh Civil Rights Act is HEREBY granted.  Plaintiffs' Count Ten is DISMISSED as

15         to any action by the estate of Sammy Galvin with prejudice and Count Ten is

16         DISMISSED without prejudice as to plaintiff Ramon Galvin's action.

17

18   IT IS SO ORDERED.

19   **Dated:    February 7, 2006    **              _____ /s/ Anthony W. Ishii_____

20   h2ehf                                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28                                         15