**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SUSAN GALVAN; RAMON GALVAN,** ) | CV F 05-0986   AWI LJO |
| ) | |
| **Plaintiff**s, ) | ORDER GRANTING |
| ) | DEFENDANTS' UNOPPOSED |
| v. ) | MOTION TO DISMISS |
| ) | CERTAIN STATE LAW |
| **MODESTO POLICE OFFICER** ) | CLAIMS PURSUANT TO |
| **LYNDON YATES; OFFICER MIRL** ) | F.R.C.P. 12(b)(6) AND ORDER |
| **MORSE; CITY OF MODESTO POLICE** ) | ON DEFENDANTS' MOTION |
| **DEPARTMENT; CITY OF MODESTO;** ) | TO STRIKE PURSUANT TO |
| **and DOES 1 through 50,** ) | F.R.C.P. 12(f) |
| ) | |
| **Defendant**s ) | |
| _____ ) | **Documents # 27 and #28** |

      This is an action for money damages arising out of events that occurred on August 22, 2004, that resulted in the shooting death of decedent Sammy Galvan, and the arrest of plaintiff Ramon Galvan. On March 23, 2006, plaintiffs Susan and Ramon Galvin ("Plaintiffs") filed their second amended complaint ("SAC"), which is the currently operative pleading in this case.  The SAC alleges federal claims pursuant to 42 U.S.C., section 1983, and a variety of state law claims.  In the instant motion, defendants City of Modesto and Modesto Police Department, and individual police officers Lyndon Yates and Mirl Morse (collectively, "Defendants") seek to dismiss certain state law claims alleged in the SAC. Defendants also seek to strike certain documents that were appended to and filed with the SAC.  On May 2, 2006, Plaintiffs filed a notice of non-opposition to Defendants' motion to dismiss.

This court has federal subject matter jurisdiction pursuant to 28 U.S.C., section 1332, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C., section 1367. Venue is proper in this court.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2006, the court issued an order granting in part and denying in part Defendants' motion to dismiss certain claims alleged in the first amended complaint (the "February 8 Order"). The factual background giving rise to this case is fully set forth in that order and need not be repeated here. On March 23, 2006, Plaintiffs filed the now-operative SAC which alleges facts identical to those alleged in the first amended complaint. The first and second claims for relief allege Susan Galvan's claims for wrongful death under 42 U.S.C., § 1983 against police officers Lyndon Yates and Mirl Morse (the "individual Defendants") and the Modesto Police Department and the City of Modesto (the "entity Defendants"), respectively. The third claim for relief alleges Susan Galvan's state law claim for wrongful death against the entity Defendants. Claims four and five allege wrongful death under section 1983 by Ramon Galvan against the individual Defendants and the entity Defendants, respectively. Claim seven is Ramon Galvan's state law claim for wrongful death against all defendants. Claim six is Ramon Galvan's claim pursuant to section 1983 for damages resulting from Ramon Galvan's alleged unlawful arrest. The remaining claims, claims eight through thirteen, are various state law claims by Ramon Galvan that arise out of Ramon Galvan's alleged unlawful arrest.

The instant motion to dismiss pursuant to F.R.C.P. 12(b)(6) and motion to strike were filed on April 7, 2006. Plaintiffs filed a notice of non-opposition to the motion to strike on May 1, 2006, and a non-opposition to the motion to dismiss on May 2, 2006. Pursuant to a request from the court, Plaintiffs filed an additional statement of non-opposition to the motions to dismiss and to strike on May 8, 2006.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

**DISCUSSION**

**I. Defendants Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)**

In the instant motion, Defendants move to dismiss Susan and Ramon Galvan's wrongful death claims under state law, claims three and seven respectively, against the Modesto Police Department and the City of Modesto (the "entity defendants"). Defendants also move to dismiss Ramon Galvan's state law claim for unlawful arrest, claim eight, and claim for infliction of emotional distress, claim eleven. Plaintiffs have not objected to Defendants' motion to dismiss.

Defendants' motion to dismiss Susan Galvans' third claim for relief for the wrongful death of her son against the entity defendants is based the contention governmental entities are immune from suits at common law, and may be held liable only to the extent provided by

statute.  In <u>Eastburn v. Regional Fire Protection Auth.</u>, 31 Cal.4th 1175, 1179 (2003), the California Supreme Court observed "[t]he California Tort Claims Act provides that '[a] public entity is not liable for an injury,' '[e]xcept as otherwise provided by statute.' [Citation.] As that language indicates, the intent of the Tort Claims Act is to confine potential governmental liability, not expand it. [Citations.] We first must determine whether any statute imposes direct liability on defendant agencies here." <u>Id.</u>  The court has examined Plaintiff's third claim for relief in the SAC and finds that the claim alleges only negligence and that no statutory basis is set forth as a basis of the claim.  Because Plaintiffs have not alleged a statutory basis for their claim, the court agrees that Plaintiffs' third claim for relief fails to state a claim for which relief may be granted.

Defendants also contend Plaintiffs' seventh claim for relief – the claim of Ramon Galvan for the wrongful death of Sammy Galvan – is barred because no claim under the Tort Claims Act was filed on behalf of Ramon Galvan for Sammy's death.  In its February 8 Order the court held:

> Two facts appear undisputed.  First, no claim form was submitted on behalf of the estate of Sammy Galvan for injuries suffered by him.  The copy of the claim form in the court's possession clearly sets forth a claim for wrongful death on behalf of Susan Galvan, but not for survivorship claims on behalf of the decedent's estate.  Second, whether or not a second claim form was submitted on behalf of Ramon Galvan, asserting claims for the injuries *he* suffered, it is undeniably true that the FAC does not mention the submission of any such claim form or otherwise allege compliance with the procedural requirements of the CTCA as to Ramon Galvan's claims.  <u>See</u> Complaint at 6 (alleging the claim form attached to the complaint was filed, but making no allegation as to any other claim form).
> Two legal conclusions flow from these undisputed facts.  First, it is clear that the requirements of the California Tort Claims Act bar Plaintiffs from asserting any causes of action under state law on behalf of the estate of the decedent, Sammy Galvin.  A wrongful death claim – the claim asserted by Susan Galvin when she filled out the form she submitted to the City of Modesto – is strictly limited to the losses suffered directly by the heirs as a result of the death. " <u>Willis v. Gordon</u>, 20 Cal.3d 629, 637 (1978).  "It is unrelated to the damages that were suffered by the decedent prior to his death. <u>Id</u> at 638.  Because, as previously discussed, each person must submit a claim where separate injuries are alleged, Plaintiffs may not rely on the claims for wrongful death they filed on behalf of themselves to support claims they now wish to file on behalf of their son, Sammy Galvan.  <u>See</u> <u>Nelson</u>, 113 Cal.App.4th at 796; <u>City of San Jose v. Superior Court(Lands Unlimited)</u>, 12

4

Cal.3d 447, 454 (filing of a proper claim is a condition precedent to the maintenance of an action); Garcia v. Santa Clara County, 2004 WL 2203560 at *10 (N.D. Cal. 2004) (district court following Nelson dismisses parents claims for relief where no claim was filed under CTCA on behalf of estate of deceased son).

The second general [legal] conclusion the court reaches is that, notwithstanding Plaintiffs' allegations set forth in their opposition to the motion to dismiss, the state law causes of action alleged in the FAC with respect to Ramon Galvan are insufficiently pled because the FAC does not allege any claim on behalf of Ramon Galvin was submitted to the City of Modesto pursuant to the CTCA. See Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1021 (C.D. Cal. 2000) (conformity with procedural elements of CTCA is an element of any subsequent tort cause of action).

As quoted above, the February 8 Order determined that the claims of Ramon and Susan Galvan for the wrongful death of Sammy Galvan under state law are barred because Plaintiffs failed to timely file a claim under California's Tort Claim Act. The court has examined the SAC and finds that the same considerations that barred Ramon Galvan's state law claim for wrongful death with respect to the first amended complaint bars the same claim as set forth in the SAC. Therefore Defendants' motion to dismiss Plaintiffs' seventh claim for relief will be granted.

The SAC differs from the first amended complaint in that it alleges that Susan Galvin submitted a claim form pursuant to the California Tort Claims Act for "injuries [Ramon Galvan] received from the Modesto Police when he was assaulted and battered by them on August 22, 2004." SAC at 6:23-24. Thus, Plaintiffs have partially addressed the court's finding in the February 8 Order that claims contained in the first amended complaint on behalf of Ramon Galvin for harms he sustained as a result of his arrest were insufficiently pled. By alleging in the SAC that Plaintiffs did, in fact, submit a claim form pursuant to the Tort Claims Act, Plaintiffs have alleged sufficient facts to support Plaintiffs ninth and tenth claims for relief for assault and battery, respectively.

What the SAC does not allege is that a claim form pursuant to the Tort Claims Act was submitted on behalf of Ramon Galvan for damages resulting from his alleged unlawful arrest. Pursuant to Ovando, a necessary element of each cause of action under state law is the

5

submission of a claim pursuant to the Tort Claims Act.  <u>Ovando</u>, 92 F.Supp.2d at 1021. Because the SAC does not allege that a claim under the Tort Claims Act was submitted for Ramon Galvan's alleged unlawful arrest, Plaintiffs have failed to allege all the elements of Plaintiffs' eighth claim for relief for unlawful arrest.  Plaintiffs' eighth claim for relief will therefore be dismissed.

Defendants also move to dismiss claim number eleven, Ramon Galvan's claim for infliction of emotional distress by entity defendants on the ground no statutory basis for the entity Defendants' liability was alleged in the SAC.  The court has examined Plaintiffs' eleventh claim for relief as set forth in the SAC and finds that, consistent with Defendants' contention, the claim fails to state a statutory basis for the imposition of liability for emotional distress on the entity Defendants.  Plaintiffs' eleventh claim for relief therefore fails to set forth a claim upon which relief can be granted for the same reason as was discussed previously with respect to Plaintiffs' third claim for relief.  Defendants' motion to dismiss Plaintiffs' eleventh claim for relief will also be granted.

## II. Defendants Motion To Strike

Defendants have moved to strike that part of the SAC that consists of witness declarations that substantiate Plaintiffs' allegation that Susan Galvan presented a claim form pursuant to the Tort Claims Act to the City of Modesto on behalf of Ramon Galvan for damages he sustained as a result of his arrest.  Specifically, Defendants seek to strike the declarations of Susan Galvan, Gloria Perez, and Sammy Bernal that were appended to the SAC.  Defendant has filed no objection to Plaintiffs' motion to strike.

The court agrees with Defendants' contention that these attachments to the SAC are not "written instruments" within the meaning of Rule 10(c) of the Federal Rules of Civil Procedure, but rather are in the nature of evidence submitted to bolster Plaintiffs' allegation as set forth in the SAC.  Defendants' motion to strike will be granted as to the complained-of documents for the reasons set forth in Defendants' moving papers.  In granting this motion,

6

however, the court makes no determination as to the admissibility of the stricken documents as evidence in any further proceeding before the court.

THEREFORE, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss the third, seventh, eighth, and eleventh claims for relief alleged in Plaintiffs' Second Amended Complaint is GRANTED. Plaintiffs' third, seventh, eighth, and eleventh claims for relief are hereby DISMISSED.
2. Defendants' motion to strike the declarations of Susan Galvan, Gloria Perez, and Sammy Bernal that are appended to the Second Amended Complaint is hereby GRANTED.

IT IS SO ORDERED.

**Dated:   May 24, 2006**         /s/ Anthony W. Ishii
0m8i78                            UNITED STATES DISTRICT JUDGE