SUSANA ALCALA WOOD, City Attorney #156366
DAVID CERVANTES, Senior Deputy City Attorney #108973
City of Modesto
P.O. Box 642
1010 Tenth Street, Suite 6300
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants MODESTO POLICE OFFICER LYNDON YATES, OFFICER MIRL MORSE, CITY OF MODESTO POLICE DEPARTMENT and CITY OF MODESTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| SUSAN GALVAN; RAMON GALVAN,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>MODESTO POLICE OFFICER LYNDON YATES; OFFICER MIRL MORSE; CITY OF MODESTO POLICE DEPARTMENT; CITY OF MODESTO; DOES 1 through 50,<br><br>　　　　　Defendants. | No.  1:05-CV-00986-AWI-LJO<br><br>STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION |

　　　　Plaintiff SUSAN GALVAN, Plaintiff RAMON GALVAN and Defendants MODESTO POLICE OFFICER LYNDON YATES, OFFICER MIRL MORSE, CITY OF MODESTO POLICE DEPARTMENT, and CITY OF MODESTO, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

　　　　1.　　In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order").  Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State law.

-1-

1      2.     Confidential documents shall be so designated by stamping copies of the document
2  produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL"
3  on the cover of any multi-page document shall designate all pages of the document as confidential,
4  unless otherwise indicated by the producing party.
5      3.     Material designated as confidential under this Order, the information contained
6  therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material
7  designated as confidential ("confidential material") shall be used only for the purpose of the
8  prosecution, defense, or settlement of this action and for no other purpose.
9      4.     Confidential material produced pursuant to this Order may be disclosed or made
10 available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial
11 staff employed by such counsel) and to the "qualified persons" designated below:
12     a.     Experts or consultants (together with their clerical staff) retained by such
13     counsel to assist in the prosecution, defense or settlement of this action;
14     b.     Court reporters employed in this action; and
15     c.     A witness at any deposition or proceedings in this action.
16     d.     Any other person as to whom the parties in writing agree.
17     Prior to receiving any confidential material, each "qualified person" shall be provided
18 with a copy of this Order and shall executed a non-disclosure agreement in the form of Attachment
19 A, a copy of which shall be maintained by the counsel who is providing the materials.
20     5.     The portion of any deposition in which confidential materials are discussed shall be
21 taken only in the presence of qualified persons, as defined above.
22     6.     Nothing herein shall impose any restrictions on the use or disclosure by a party of
23 material obtained by such party independent of discovery in this action, whether or not such material
24 is also obtained through discovery in this action, or from disclosing its own confidential material as
25 it deems appropriate.
26     7.     Receipt by any party of any confidential information does not constitute, nor is it to be
27 construed to be, a waiver of any privilege or evidentiary objection, State or Federal.
28     8.     If confidential material, including any portion of a deposition transcript designated as

-2-

1 confidential is included in any papers to be filed in court, such papers shall be labeled "<u>confidential-</u>
2 <u>subject to court order</u>" and <u>filed under seal</u> until further order f this court.  Each envelope containing
3 confidential material shall be endorsed with the title and case number of this action, and indication of
4 the nature of said <u>sealed envelope</u>, a legend "confidential-designated by counsel," and a statement
5 substantially in the following form: "This envelope containing documents which are filed in this case
6 is not to be opened, nor the contents thereof to be displayed or revealed except by order of the court."
7 Except, however, that any papers served on counsel for the parties need not include separate sealed
8 envelopes for confidential materials.

9       9.     This Order shall be without prejudice to the right of the parties 1) to bring before the
10 court at any time the question of whether any particular document or information is confidential or
11 whether its use shall be restricted; or 2) to present a motion to the court under Federal Rule of Civil
12 Procedure 26(c) for a separate protective order as to any particular document or information,
13 including restrictions different from those as specified herein.  This Order shall not be deemed to
14 prejudice the parties in any way in any future application for modification of this Order.

15       10.     Nothing in this Order nor the production of any information or document under the
16 terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of
17 an admission or waiver of objections or privileges by either party or of altering the confidentiality or
18 non-confidentiality of any such document or information or altering any existing right or obligation
19 of any party or the absence thereof.

20       11.     This Order shall survive the final termination of this action, to the extent that the
21 information contained in confidential material is not or does not become known to the public and the
22 court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed
23 hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action,
24 whichever occurs first, each party shall return to the producing party all confidential materials and
25 any and all copies thereof.

26       IT IS SO STIPULATED.

27 Dated: February 7, 2007.                               BY:   /s/Walter Riley
28                                                            WALTER RILEY
                                                           Attorney for Plaintiffs Susan Galvan and Ramon
                                                            Galvan

G:\docs\ILira\05cv00986.stp.wpd

STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

1  Dated: February 8, 2007.                SUSANA ALCALA WOOD, City Attorney

2

3                                          BY:   /s/David Cervantes
                                                 DAVID CERVANTES
                                                 Sr. Deputy City Attorney
4                                                Attorneys for Defendants City of Modesto
                                                 Police Officer Lyndon Yates, Officer Mirl
5                                                Morse, City of Modesto Police Department and
                                                 City of Modesto
6

7

8                                          ORDER

9       IT IS SO ORDERED.

10      Dated: __February 12, 2007.

11                                         ____/s/ LAWRENCE J. O'NEILL
                                           UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

**NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Susan Galvan; Ramon Galvan v. Modesto Police Officer Lyndon Yates, et al,* United States District Court for the Eastern District of California, Civil Action No. 1:05-CV-00986-AWI-LJO, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____   _____