IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GALVAN, et al., | CASE NO. CV F 05-0986 LJO GSA |
| Plaintiff, | **TENTATIVE RULINGS ON DEFENDANTS' MOTIONS IN LIMINE** |
| vs. | (Docs. 62-66, 69.) |
| MODESTO POLICE OFFICER LYNDON YATES, et al., | |
| Defendants. | |

Due to illness, this Court VACATES the March 6, 2008 hearing on the motions of limine of defendants City of Modesto ("City"), the City Police Department ("Department") and Department Officers Lyndon Yates ("Officer Yates") and Mirl Morse ("Officer Morse").[1]  This Court makes the following tentative rulings on defendants' motions in limine and will entertain argument on March 10, 2008 at 9 a.m. disputes remaining after these rulings.

**1.     Defendants' Motion In Limine To Exclude Evidence And Argument Regarding Punitive Damages Against The City And Department:** This Court GRANTS the motion in limine and EXCLUDES evidence and argument regarding punitive damages against the City and Department.

**2.     Defendants' Motion In Limine To Exclude Expert Opinion Testimony Of Dr. Laphan, William W. Whang, M.D. and Lorie Hill, Ph.D. For Failure To Comply With F.R.Civ.P.**

---

[1] The City, Department and Officers Yates and Morse will be referred to collectively as "defendants."

1

**26(a)(2) Requirements:** This Court is inclined to DENY the motion in limine if the depositions of Dr. Laphan, Dr. Wang and Dr. Hill were taken and defendants are aware or could have learned of their expected testimony. This Court is inclined to GRANT the motion in limine if defendants received no reports required by F.R.Civ.P. 26(a)(2)(B) and Dr. Laphan, Dr. Wang and Dr. Hill were not deposed because they were not properly designated as expert witnesses.

**3. Defendants' Motion In Limine To Exclude Evidence And Argument Of Defendants' Negligence Liability:** This Court GRANTS the motion in limine and EXCLUDES evidence and argument of defendants' negligence liability given that the pretrial order controls the course of trial and is the superceding pleading. The pretrial order lacks negligence claims, and negligence claims have been dismissed.

**4. Defendants' Motion In Limine To Limit Marc Firestone's Testimony:** This Court DENIES the motion in limine without prejudice. The Court finds that the parties' papers call into question Dr. Firestone's qualifications to opine on a path of a bullet after it hits a human body. Defendants may raise F.R.Evid. 702 and *Daubert* objections if warranted by questions and opinions sought. The Court will sustain objections to matters lacking foundation.

**5. Defendants' Motion In Limine To Exclude/Limit David Dusenbury's Testimony:** This Court GRANTS and DENIES in part the motion in limine. Mr. Dusenbury may not argue plaintiffs' case. Mr. Dusenbury may testify about the facts as he understands them, based on evidence reviewed and which supports his opinion regarding how the incident occurred. Mr. Dusenbury may include other experts' opinions that allowed him to assume certain facts existed but may not reach his own independent opinions about underlying facts involving trajectory or biomedical basis. Mr. Dusenbury may testify about standards within police investigations if a proper foundation is laid.

Mr. Dusenbury is unable to argue that the officers were truthful or lying. The closest he may approach such area is to point out an inconsistency and why (based on reviewed evidence) he believes one version of events is more correct than another.

Mr. Dusenbury will be precluded to testify about lighting if he lacks a factual basis or foundation to address lighting.

Mr. Dusenbury is precluded to opine that "it is highly unlikely that Officer Yates would have

noted the extensive detail about Yesenia Perez, unless they had entered the residence through the open doorway while Yesenia Perez and Sammy Galvan were unaware of their presence.  In my opinion, there was no lawful basis for officers' entry into the residence, e.g., no warrant, no consent, no exigent circumstance."  Such opinions are argumentative and lack foundation.

Mr. Dusenbury is precluded to opine on human factors given he lacks requisite expertise.

Mr. Dusenbury is precluded to testify regarding knife throwing/decedent's getting ready to throw a knife based on speculation and lack of foundation.

Mr. Dusenbury is precluded to testify regarding .20 and what decedent could or could not do given he lacks requisite expertise.

Mr. Dusenbury is permitted to testify as to matters enumerated 1, 2 and 4 on page 12 of plaintiffs' opposition points and authorities.  Mr. Dusenbury is precluded to testify as to the matter enumerated 3 in that it is a legal opinion.

IT IS SO ORDERED.

**Dated:   March 5, 2008**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE