**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN GALVAN, et al.,<br><br>              Plaintiff,<br><br>   vs.<br><br>MODESTO POLICE OFFICER LYNDON YATES, et al.,<br><br>              Defendants.<br>                                       / | CASE NO. CV F 05-0986 LJO GSA<br><br>**TENTATIVE RULINGS ON PLAINTIFFS' MOTIONS IN LIMINE**<br>(Docs. 67, 68.) |

Due to illness, this Court VACATES the March 6, 2008 hearing on the motions of limine of plaintiffs Susan Galvan ("Mrs. Ramon") and Ramon Galvan ("Mr. Ramon") (collectively "plaintiffs"), surviving parents of decedent Sammy Galvan ("decedent). This Court makes the following tentative rulings on plaintiffs' motions in limine and will entertain argument on March 10, 2008 at 9 a.m. on disputes remaining following these rulings.

**1.    Plaintiffs' Motion In Limine Regarding Broken Windshield Of Yesenia Perez:** This Court GRANTS the motion in limine in that the subject evidence to the motion is irrelevant.

**2.    Plaintiffs' Motion In Limine To Exclude Photographs Of Decedent's Yard:** This Court DENIES the motion in limine in that the subject evidence depicts relevant matters (vision, perspective, spent rounds location, etc.) to corroborate or refute testimony.

**3.    Plaintiffs' Motion In Limine To Exclude Domestic Violence Documents:** This Court DENIES the motion in limine to the extent that the documents address plaintiffs, plaintiffs' relationship

with decedent, decedent's death, and plaintiffs' alleged damages arising from loss of decedent's companionship and society.

**4.     Plaintiffs' Motion In Limine To Exclude September 12, 2001 Police Report:** This Court DENIES the motion in limine to the extent that the police report is relevant to plaintiffs' relationship with the decedent and their alleged damages arising from loss of decedent's companionship and society.  The police report is not remote in time.

**5.     Plaintiffs' Motion In Limine To Exclude January 14, 2002 Police Report:** This Court EXCLUDES the police report except portions, if any, which address plaintiffs' statements or involvement.

**6.     Plaintiffs' Motion In Limine To Exclude March 22, 2002 Police Report And Related Identified Documents:** This Court EXCLUDES the police report and related identified documents, except portions, if any, which address plaintiffs' statements or involvement.

**7.     Plaintiffs' Motion In Limine To Exclude June 18, 2002 Incident Report And Related Identified Documents:** This Court EXCLUDES the incident report and related identified documents, except portions, if any, which address plaintiffs' statements or involvement.

**8.     Plaintiffs' Motion In Limine To Exclude September 29, 2002 Police Report:** This Court EXCLUDES the police report, except portions, if any, which address plaintiffs' statements or involvement.

**9.     Plaintiffs' Motion In Limine To Exclude October 13, 2002 Incident History:** This Court EXCLUDES the incident history, except portions, if any, which address plaintiffs' statements or involvement.

**10.    Plaintiffs' Motion In Limine To Exclude October 18, 2003 Police Report And Related Identified Documents:** This Court EXCLUDES the police report and related identified documents, except portions, if any, which address plaintiffs' statements or involvement.

**11.    Plaintiffs' Motion In Limine To Exclude Mrs. Galvan's Interviews:** This Court:

A.     DENIES the motion in limine as to previous fights between Mr. Galvan and decedent in that such evidence addresses alleged damages arising from loss of decedent's companionship and society;

1  B. DENIES the motion in limine as to a smashed windshield in that such evidence addresses alleged damages arising from loss of decedent's companionship and society;

3  C. DENIES the motion in limine as to decedent's suicidal tendencies in that such evidence addresses alleged damages arising from loss of decedent's companionship and society;

5  D. GRANTS the motion in limine as to conflicts between decedent and Yesenia Perez except insofar as such evidence addresses plaintiffs or their statements;

7  E. GRANTS the motion in limine as to conflicts between decedent and peace officers except insofar as such evidence addresses plaintiffs or their statements;

9  F. GRANTS the motion in limine as to Mrs. Galvan's complaints against Yesenia Perez except insofar as such evidence addresses plaintiffs or their statements;

11  G. DENIES as overbroad the motion in limine regarding incidents prior to August 22, 2004;

12  H. GRANTS the motion in limine regarding criminal or civil cases prior to August 22, 2004 except insofar as such evidence addresses plaintiffs or their statements;

14  I. DENIES as overbroad the motion in limine regarding Galvan family history prior to August 22, 2004;

16  J. GRANTS the motion in limine as to the Galvan family's relationship with Yesenia Perez or her family members except insofar as such evidence addresses plaintiffs or their statements;

19  K. GRANTS the motion in limine as to alleged threats except insofar as such evidence relates to the relationship between plaintiffs and decedent.

21  **12. Plaintiffs' Motion In Limine To Exclude Mr. Galvan's Interviews:** This Court:

22  A. DENIES the motion in limine as to previous fights between Mr. Galvan and decedent in that such evidence is relevant to the relationship between Mr. Galvan and decedent and alleged damages arising from loss of decedent's companionship and society;

25  B. DENIES the motion in limine as to the smashed windshield in that such evidence is relevant to the relationship between Mr. Galvan and decedent and alleged damages arising from loss of decedent's companionship and society;

28  C. DENIES the motion in limine as to decedent's suicidal tendencies in that such evidence

|   |   |   |
|---|---|---|
| 1 |   | addresses alleged damages arising from loss of decedent's companionship and society; |
| 2 | D. | GRANTS the motion in limine as to conflicts between decedent and Yesenia Perez except insofar as such evidence addresses plaintiffs or their statements; |
| 4 | E. | GRANTS the motion in limine as to conflicts between decedent and peace officers except insofar as such evidence addresses plaintiffs or their statements; |
| 6 | F. | GRANTS the motion in limine as to Mrs. Galvan's complaints against Yesenia Perez except insofar as such evidence addresses plaintiffs or their statements; |
| 8 | G. | DENIES as overbroad the motion in limine regarding incidents prior to August 22, 2004; |
| 9 | H. | GRANTS the motion in limine regarding criminal or civil cases prior to August 22, 2004 except insofar as evidence addresses plaintiffs or their statements; |
| 11 | I. | DENIES as overbroad the motion in limine regarding Galvan family history prior to August 22, 2004; |
| 13 | J. | GRANTS the motion in limine as to the Galvan family's relationship with Yesenia Perez or her family members except insofar as such evidence addresses plaintiffs or their statements; |
| 16 | K. | GRANTS the motion in limine as to alleged threats except insofar as such evidence relates to the relationship between plaintiffs and decedent; |
| 18 | L. | DENIES without prejudice the motion in limine as to Mrs. Galvan's intent to leave on August 22, 2004 depending on foundational evidence; |
| 20 | M. | DENIES without prejudice the motion in limine as to decedent's statements in that with a proper foundation, such evidence will be admitted but without a proper foundation, such evidence will be excluded; |
| 23 | N. | DENIES the motion in limine as to Mr. Galvan's statements in that they are relevant to the relationship between Mr. Galvan and decedent and alleged damages arising from loss of decedent's companionship and society; |
| 26 | O. | DENIES the motion in limine as to Mr. Galvan's statements in that they are relevant to the relationship between Mr. Galvan and decedent and alleged damages arising from loss of decedent's companionship and society; |

4

| | | |
|---|---|---|
| | P. | GRANTS the motion in limine as to drug and/or alcohol use subject to defense argument; |
| | Q. | DENIES without prejudice the motion in limine ast to Mr. Galvan's broken window statements in that with a proper foundation, such evidence will be admitted but without a proper foundation, such evidence will be excluded; |
| | R. | DENIES as too limited the motion in limine as Mr. Galvan's statements regarding abuse of plaintiffs; |
| | S. | DENIES the motion in limine as to Mr. Galvan's lost job statements in that such evidence is relevant to the relationship between Mr. Galvan and decedent and alleged damages arising from loss of decedent's companionship and society; |
| | T. | DENIES as too broad the motion in limine as to statements regarding police contact prior to August 22, 2004; |
| | U. | RESERVES ruling on the motion in limine regarding gang affiliation subject to defense counsel's comments; and |
| | V. | DENIES without prejudice the motion in limine as to blame statements in that with a proper foundation, such evidence will be admitted but without a proper foundation, such evidence will be excluded. |

**13.     Plaintiffs' Motion In Limine To Exlude Yesenia Perez Interviews**: This Court has ruled above on the matters subject to this motion in limine.

**14.     Plaintiffs' Motion In Limine To Exclude Evidence Of Decedent's Tatoos:** This Court EXCLUDES evidence of decedent's tatoos except to the extent such evidence is necessary to show location of wounds and similar matters.

**15.     Plaintiffs' Motion In Limine To Exclude Testimony Regarding Subject Matter Of Plaintiffs' Motions In Limine Nos. 1-14:** This Court DENIES the motion in limine as redundant.

**16.     Plaintiffs' Motion In Limine To Exclude Evidence Regarding David Dusenbury:** This Court DENIES the motion in limine as moot based on defense counsel's representations.

**17.     Plaintiffs' Motion In Limine To Exclude Doorway Replication Evidence:** This Court RESERVES ruling on the motion in limine subject to defense counsel's comments in that the parties fail to provide sufficient specifics to address the motion in limine.

1     **18.**     **Plaintiffs' Motion In Limine To Exclude Evidence Of Unblemished Records Of Department Police Officers:** This Court EXLUDES evidence of unblemished records of Department police officers unless plaintiffs put the matter in issue.

IT IS SO ORDERED.

**Dated:**    **March 5, 2008**                /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE